[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 11, 1987
Date of Application March 17, 1987 CT Page 7172
Date Application Filed March 23, 1987
Date of Decision July 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR4-71982;
Lori Welch-Rubin, Esq., Defense Counsel, for Petitioner
Bradford J. Ward, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner was convicted of three counts of felony murder in violation of Connecticut General Statutes Section53a-54c and sentenced to a term of incarceration of twenty-five years to life on each count, to run consecutively, for a total effective sentence of seventy-five years to life imprisonment.
The crimes occurred on April 16, 1979 at the Purolator Armored Car garage in Waterbury when three security guards employed by the Purolator Company were slain during the course of a robbery of that business. They were killed in a hail of gunfire from semi-automatic weapons wielded by the petitioner and an accomplice. The victims were ages thirty-six, forty-six and fifty-two. All three victims were fathers with a total of eleven children between them. The devastation to the families of the victims is patently obvious.
The petitioner declined to address the Review Division however his attorney suggests that the objective of public safety can be accomplished by making his sentences run concurrently instead of consecutively, and posits that the sentence which was imposed denies the petitioner any hope of CT Page 7173 redemption.
The sentencing court was faced with an individual who had planned the scenario which led to the killing of three innocent men who were engaged only in an honest effort to maintain their families. The cold brutality of these crimes reflects the essence or nature of the petitioner. The sentencing court noted the long history of criminal behavior by the petitioner from 1961 forward. He has convictions for narcotics violations, assault, escape, carrying dangerous weapons, robbery, motor vehicle theft, breaking and entering and, indeed, has multiple convictions for these offenses.
There is literally nothing in the record to remotely suggest the petitioner is redeemable or rehabilitatable, and protection of society was probably the most overriding consideration for the sentencing court.
The Division has considered this sentence in accordance with the standard of review found in Connecticut Practice Book Section 942. We find it to be appropriate under all of the circumstances and it is affirmed.
Purtill, Klaczak and Miano, J.s, participated in this decision.